UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sergio P.,

              Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; U.S. Department of
Homeland Security; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; U.S. Immigration
and Customs Enforcement; David
Easterwood, *Acting Director, Saint Paul,
Minnesota Field Office Immigration and
Customs Enforcement*, and Joel Brott,
*Sheriff of Sherburne County*,

              Respondents.

File No. 26-cv-1538 (ECT/DTS)

**OPINION AND ORDER**

Adam J. Kolb, Gustafson Gluek PLLC, Minneapolis, MN, for Petitioner Sergio P.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents
Pamela Bondi, Kristi Noem, U.S. Department of Homeland Security, Todd M. Lyons, U.S.
Immigration and Customs Enforcement, David Easterwood, and Joel Brott.

Petitioner Sergio P. is a citizen of Ecuador who has lived in the United States since

September 2023. Pet. [ECF No. 1] ¶ 26. Sergio "was apprehended shortly after entering

the United States and was released on recognizance." *Id.* ¶ 27. According to the Petition,

Sergio "has complied with all requirements of his immigration status." *Id.* Sergio's

"criminal record involves . . . a single gross misdemeanor [DWI in February 2026] and a

few misdemeanors," but Sergio "has never been convicted of a violent crime." *Id.* ¶¶ 31,

48.   On February 18, 2026, Sergio was arrested in St. Paul, Minnesota, by individuals "believed to be agents of Respondent [Immigration and Customs Enforcement]," as part of "Operation Metro Surge." *Id.* ¶¶ 32–33.  "The individuals did not supply a warrant or provide any explanation as to the reason for detaining [Sergio]." *Id.* ¶ 32.  At the time of the Petition's filing, Sergio was believed to be "in federal detention in Elk River, Minnesota," at "the Sherburne County Facility." *Id.* ¶ 34.  Sergio asserts that he is "a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.)." *Id.* ¶¶ 2–11.

Sergio challenges his detention under 28 U.S.C. § 2241.  Pet. ¶ 13.  He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing).  Pet. ¶¶ 50–72; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Sergio, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  *See* Pet. ¶¶ 76–93.  Sergio seeks a declaration that he is a Bond Class Member under *Maldonado Bautista*; a declaration that his arrest and detention violate the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and its implementing regulations; issuance of an order enjoining his transfer out of the District of Minnesota during the pendency of his Petition, and if he has been moved, ordering his return; issuance of a writ of habeas corpus directing his immediate release unless he is provided a bond hearing under 8 U.S.C. § 1226(a); issuance of an order prohibiting

Respondents from seeking a stay of any order granting bond by an immigration judge; issuance of an order prohibiting Respondents from re-detaining him without a pre-deprivation hearing; and "any other and further relief that this Court may deem just and proper." *See id.* at 22–23.

Recognizing that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents argue that Sergio is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), relying on their position in the appeal of *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). *See* ECF No. 4. This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Sergio has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741

---

[1]    To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Sergio's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

(JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)).  Sergio has lived in the United States for more than two years, Pet. ¶ 26, and I find his detention falls under § 1226(a) and not § 1225(b)(2).[2]

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."  *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Id.*

---

[2]    Respondents do not argue that Sergio is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Sergio's detention.  *See* ECF No. 4.

(emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).   Sergio alleges that he was arrested without a warrant.  *See* Pet. ¶ 32.

Respondents argue that if § 1225(b)(2) does not apply, Sergio is entitled to a bond hearing, not release, *see* ECF No. 4 at 2, pointing to a Notice to Appear for Sergio dated September 29, 2023, ECF No. 5-2, and a copy of a Form I-200 Warrant for Arrest with Sergio's name dated February 18, 2026, the day he was arrested, ECF No. 5-1. Respondents argue that a bond hearing would be appropriate "given the Notice to Appear . . . served on [Sergio] shortly after his apprehension at the border."  ECF No. 4 at 2. Respondents do not explain the September 29, 2023 Notice to Appear's relevance to this issue.  For instance, Respondents do not argue, nor do they provide any evidence to support, that Sergio failed to comply with the Notice to Appear, which required his appearance before an immigration judge in Chicago, Illinois, on November 24, 2023.  *See* ECF No. 4; *see also* ECF No. 5-2.  And the warrant provided with Respondents' answer raises several concerns.  None of the boxes are checked that would explain the basis for Sergio's arrest. *See* ECF No. 5-1.   The warrant is dated the same day as Sergio's arrest, and there is no evidence from which I could determine whether the warrant preceded the arrest.  *See* ECF

No. 4 at 2 (stating that "the warrant of arrest [was] served on [Sergio] the day he was recently arrested").  Respondents cite 8 C.F.R. § 287.3, from which I can infer that Sergio was arrested without a warrant.  *See* ECF No. 4 at 2; *see also* 8 C.F.R. § 287.3 (describing "disposition of cases of aliens arrested without warrant"; *id.* § 287.3(a) (applying to "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act," (codified at 8 U.S.C. § 1357(a)(2))).  Respondents argue that the presence of a warrant "served on [Sergio] the day he was recently arrested" makes a bond hearing—not release—appropriate, because 8 C.F.R. § 287.3(d) "allow[s] for up to 48 hours after arrest to provide [the] detainee with [a] warrant of arrest and [Notice to Appear]."  ECF No. 4 at 2.  Respondents' argument presupposes that Sergio's warrantless arrest was made pursuant to § 1357(a)(2), *see* 8 C.F.R. § 287.3(a) (applying to "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act," (codified at 8 U.S.C. § 1357(a)(2))), but Respondents do not explain how § 1357's exceptions to the warrant requirement would apply to Sergio's arrest.  Indeed, as described above, no boxes are checked on the provided warrant to explain why probable cause existed to believe that Sergio was removable from the United States, and Respondents have provided no other evidence or argument describing the circumstances of Sergio's arrest.   For these reasons, I find Respondents' arguments regarding the provided Notice to Appear and Form I-200 Warrant unpersuasive.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), slip op. at 6 (D. Minn. Dec. 19, 2025) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows

Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, 804 F. Supp. 3d at 264 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[3]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Sergio P.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2.      Respondents shall release Petitioner from custody as follows:

a.      If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

---

[3]      The resolution of this statutory-interpretation question in Sergio's favor makes it unnecessary to address the Petition's remaining grounds.

b.      If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 23, 2026, at 5:30 p.m.          s/ Eric C. Tostrud
                                                 Eric C. Tostrud
                                                 United States District Court

8